1  L. Kristopher Rath (5749)
   Todd W. Prall (9154)
2  HUTCHISON & STEFFEN, PLLC
   Peccole Professional Park
3  10080 West Alta Drive, Suite 200
   Las Vegas, Nevada 89145
4  Telephone: 702-385-2500
   Facsimile: 702-385-2086
5  lrath@hutchlegal.com
   tprall@hutchlegal.com
6
   *Attorney for Plaintiff*
7

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| GATEWAY INSURANCE COMPANY, a Missouri corporation, | Case No.: 2:19-cv-00771-GMN-BNW |
|---|---|
| Plaintiff, | **AMENDED COMPLAINT FOR DECLARATORY JUDGMENT** |
| vs. | |
| ALEXANDER FERNANDEZ-LEON, an individual; YENDRY HERNANDEZ-ECHEVARRIA, an invidual; GRETSIN CONSUEGRA SORIANO, an individual; JUAN SCHUEG-CASTRO, an individual; JOSE PRIETO-HERNANDEZ, an individual; NELLIS CAB LLC, OPERATION SERIES NELLIS CAB LLC, VEH. SERIES 102, a Nevada series limited liability company, | |
| Defendants. | |

Plaintiff GATEWAY INSURANCE COMPANY submits the following Amended Complaint against Defendants ALEXANDER FERNANDEZ-LEON, YENDRY HERNANDEZ-ECHEVARRIA, GRETSIN CONSUEGRA SORIANO, JUAN SCHUEG-CASTRO, JOSE PRIETO-HERNANDEZ, and NELLIS CAB LLC, OPERATION SERIES NELLIS CAB LLC, VEH. SERIES 102, as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction over this matter under 28 U.S.C. Section 1332(a)(l) on the basis of diversity of citizenship, because the amount in controversy exceeds $75,000.00, the parties are citizens of different states, and there is an actual controversy between the parties.

2. Venue in the District of Nevada is proper under 28 U.S.C. Section 1391(b)(2) because the action seeks a declaratory judgment concerning an insurance policy issued in Nevada to a company doing business in Clark County. Further, the underlying motor vehicle accident took place in Nevada.

**PARTIES**

3. Plaintiff Gateway Insurance Company ("Plaintiff" or "Gateway") is a corporation organized under the laws of the State of Missouri, with its principle place of business in Chicago, Illinois.

4. Defendant Alexander Fernandez-Leon ("Fernandez-Leon" or the "individual insured") is, and at all relevant times was, an individual residing in Las Vegas, Nevada.

5. Defendant Yendry Hernandez-Echevarria ("Hernandez-Echevarria") is, and at all relevant times was, an individual residing in Las Vegas, Nevada.

6. Gretsin Consuegra Soriano ("Soriano") is, and at all relevant times was, an individual residing in Las Vegas, Nevada.

7. Juan Schueg-Castro ("Schueg-Castro") is, and at all relevant times was, an individual residing in Las Vegas, Nevada.

8. Jose Prieto-Hernandez ("Prieto-Hernandez") is, and at all relevant times was, an individual residing in Las Vegas, Nevada.

9. Defendants Hernandez-Echevarria, Soriano, Schueg-Castro, and Prieto-Hernandez are collectively referred to as the "Third-Party Claimants."

10. Nellis Cab LLC, Operations Series Nellis Cab LLC, Veh. Series 102 ("Nellis") is a series limited liability company organized under the laws of Nevada, whose members, on information and belief, also reside in or are domiciled in Nevada.

**FACTUAL BACKGROUND**

11. Plaintiff is an insurance company that specializes in insuring taxi-cab and other commercial transit companies.

12. Plaintiff issued liability Commercial Business Policy to Nellis, Policy No. CA4266P2015 (the "Policy"), which provided liability coverage as set forth more fully herein

from October 1, 2015 through October 1, 2016 (the "Policy Period"). A copy of the Policy is attached as Exhibit 1, and incorporated herein.

13. The Policy provides liability coverage to Nellis for certain automobiles that it owned and operated in its taxi-cab business for the time period set forth in the Policy.

14. The Policy provides, among other things, liability coverage at a certain limits as for certain automobiles owned or operated by Nellis as described more specifically in the Policy during the Policy Period.

15. Specifically, the Policy states:

> We [Plaintiff] will pay all sums an "insured" legally must pay as damages because of "bodily injury" or property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."

*See* Policy, Section II.A.

16. With some exceptions not applicable here, "Insureds" under the Policy include Nellis and "anyone else while using with your [Nellis'] permission a covered "auto" [Nellis] own[s], hire[s], or borrow[s]." *See* Policy, Section II.A.1.

17. The Policy's liability coverage does not apply to "'Bodily injury' or 'property damage' expected or intended from the standpoint of the 'insured.'" *See* Policy, Section II.B.1.

18. The Policy further states that every "insured" under the Policy must: . . . "Cooperate with [Plaintiff] in the investigation or settlement of the claim or defense against the 'suit.'" *See* Policy, Section IV.A.2.b.(3).

19. The Policy contains liability limits of $300,000 for injuries incurred in the "Accident."

20. The Third-Party Claimants have alleged damages, including medical expenses in excess of $75,000. Specifically, on or about March 13, 2017, Hernandez-Echevarria sent a demand letter setting forth current medical expenses of $65,816.29 at the time and further asserted additional future damages estimated at $61,160.00 for a total of $126,976.29. The other Third-Party Claimants have asserted past medical specials of between $40,000.00 and $60,000.00. Upon information and belief, during the underlying litigation, Hernandez-

3

Echevarria has since disclosed expert opinions asserting life care plans costing in excess of $3 million. Plaintiff disputes these damage claims.

21. On or about July 15, 2016, Fernandez-Leon was operating a 2015 Dodge Charger, a covered vehicle under the Policy (the "covered vehicle") when he struck a 2002 Mazda 626 sedan (the "other vehicle") from behind after the other vehicle either came to a stop at a red traffic light while traveling westbound on Harmon Avenue at the intersection with Aldebaran Avenue in Las Vegas, Nevada. The motor vehicle accident referred to in this paragraph that occurred on July 15, 2016, shall be identified herein as the "Accident."

22. The other vehicle in the Accident was operated by Hernandez-Echevarria, with three additional passengers, who are collectively identified along with Hernandez-Echevarria as the "Third-Party Claimants," one of whom was Soriano.

23. Approximately a year and a half prior to the Accident, Fernandez-Leon was operating a taxi-cab for a different cab company when he struck a vehicle from behind in a nearly identical accident to the Accident. This previous accident will be referred to hereafter as the "Prior Accident."

24. In addition to involving the same taxi driver, Fernandez-Leon, the daughter of Soriano, one of the passengers in the Accident, was a passenger in the Prior Accident.

25. The Third-Party Claimants have filed suit against Fernandez-Leon and Nellis in Eighth Judicial District Court for the State of Nevada, Case No. A-17-756427-C (the "Underlying Lawsuit").

26. Gateway retained separate counsel to defend Fernandez-Leon and Nellis. Fernandez-Leon has failed to "cooperate with [Plaintiff] in the investigation or settlement of the claim or defense against" the Underlying Lawsuit by failing to respond to the counsel retained to represent him in the Underlying Lawsuit. Indeed, Gateway has been unable to determine the whereabouts of Fernandez-Leon. Gateway is informed and believes that Nellis, Fernandez-Leon's employer at the time of the accident, has also been unable to reach or locate Fernandez-Leon.

///

27. The Underlying Lawsuit is currently set for trial on a stack starting on November 18, 2019.

28. Based on the facts and information available, Plaintiff is informed and believes that both the Accident and the Prior Accident were caused intentionally by Fernandez-Leon for his own benefit and gain, and the benefit and gain of Soriano and her daughter who, on information and belief, are acquainted.

29. Further, Fernandez-Leon has not cooperated or responded to either Gateway's efforts or Gateway's efforts to defend the lawsuit commenced against Fernandez-Leon and Nellis.

## GROUNDS FOR DECLARATORY JUDGMENT

30. The Policy does not provide coverage for any damages intentionally caused.

31. Gateway is informed and believes, based on the two nearly identical accidents that Fernandez-Leon has been involved in where both accidents involved passengers who were related to each other (mother and daughter), that the accidents were intentionally caused.

32. The Policy, therefore, provides no liability coverage for any of the injuries caused by Fernandez-Leon and arising from the Accident.

33. The Policy further requires Fernandez-Leon, as an insured, to cooperate with both the investigation of the Accident and the defense of the Underlying Lawsuit. Fernandez-Leon has not been available at all to cooperate with the lawsuit.

34. Therefore, Gateway has no duty to defend or indemnify Fernandez-Leon under the Policy.

35. An actual controversy exists between Gateway, on the one hand, and Fernandez-Leon, on the other hand, and by the terms of provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. Sections 2201 and 2202, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

WHEREFORE, Plaintiff Gateway Insurance Company prays that this Court declare and adjudge the controversy as follows:

A. Declare that Gateway has no duty to defend Alexander Fernandez-Leon in the Underlying Lawsuit;

B. Declare that Gateway has no duty to indemnify Alexander Fernandez-Leon in the Underlying Lawsuit.

C. Grant any other relief that this Honorable Court deems just and equitable under the circumstances.

DATED this 24th day of June, 2019.

HUTCHISON & STEFFEN, PLLC.

L. Kristopher Rath (5749)
Todd W. Prall (9154)
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145
lrath@hutchlegal.com
tprall@hutchlegal.com

*Attorney for Plaintiff*

6